# IN THE COURT OF APPEALS OF IOWA

No. 18-1364
Filed February 6, 2019

**IN THE INTEREST OF P.J. and D.J.,**
**Minor Children,**

**P.J., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

A father appeals the termination of his parental rights in two children. **AFFIRMED.**

Jeannette Keller of Bowman, DePree & Murphy, West Liberty, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Brian J. Metcalf, Muscatine, guardian ad litem for minor children.

Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

A father appeals the termination of his parental rights in his two children, D.J., born in August 2010, and P.J., born in August 2013. He challenges one of the two grounds for termination, argues the State failed to make reasonable efforts to set up in-person visitation between him and the children, contends termination is not in the best interests of the children, and argues the children's placement with relatives should preclude the termination of his parental rights.

I.

The children (and four half-siblings who are not part of this proceeding) were removed by court order from the parents' care in December 2016 upon reports that the parents were engaging in substance abuse and that their bedroom contained methamphetamine and drug paraphernalia. D.J., P.J., and two siblings were placed with their maternal grandparents. They have remained in that placement without any home trials since removal.

By his own admission, the father was addicted to prescribed hydrocodone from 2015 to 2017 and began using methamphetamine when he did not have access to hydrocodone. He was diagnosed with amphetamine abuse and cannabis abuse disorder. He was scheduled to be admitted for intensive outpatient treatment for substance abuse but failed to show up for any appointments.

Upon the parties' stipulation, the children were adjudicated children in need of assistance pursuant to Iowa Code section 232.2(6)(n) (2017) on February 16, 2017. The children's placement in the care of their maternal grandparents continued. On March 9, a dispositional hearing was held, and on March 15, the

court continued the children's placement with their grandparents. The juvenile court noted the father had been arrested twice for possession of drug paraphernalia since the adjudication hearing and arrested for attempted murder following the dispositional hearing.

The father remained in custody following his arrest. On July 7, he pleaded guilty to willful injury resulting in bodily injury as a habitual offender and was sentenced to a five-year term in prison. This was the father's third incarceration over an almost twenty-year period, all of which the father admitted were related to his substance-abuse issues. While the father was in the county jail and at the classification center, no visits with his children were allowed. The father completed a mental-health evaluation at the classification center. He was diagnosed with posttraumatic stress disorder (PTSD) and major depressive disorder. He was sent to a correctional facility on August 21, 2017. At the correctional facility, the father was encouraged to attend Alcoholics Anonymous (AA) and Narcotics Anonymous (NA) but was not required to attend substance-abuse programming.

The juvenile court held a termination-of-parental-rights hearing over the course of two days. The father contested termination of his rights, complaining the State had failed to make reasonable efforts at reunification. He asserted no in-person visits with his children were set up until March 24, 2018, and that visit had to be rescheduled due to severe winter weather. He testified he sent letters and cards to the children. He also testified he telephoned the children regularly but was often unable to reach them. The father argued the children were in a safe relative placement and he should be granted an additional six months because he was sober, was attending AA and NA meetings, was employed outside the

correctional facility, and expected to be released from prison within three months. He stated he would have employment and housing upon his release.

The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(e) and (f) (2018). The father appeals.

## II.

This court reviews termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The statutory framework authorizing the termination of a parent-child relationship is well established. *See In re A.S.*, 906 N.W.2d 467, 472-73 (Iowa 2018) (setting forth the statutory framework). The burden is on the State to prove by clear and convincing evidence (1) the statutory ground or grounds authorizing the termination of parental rights and (2) termination of parental rights is in the best interests of the children. *See In re E.H.*, No. 17-0615, 2017 WL 2684420, at *1 (Iowa Ct. App. June 21, 2017).

## III.

## A.

The father does not challenge the termination of his parental rights under section 232.116(1)(f). Under section 232.116(1)(f), the court may terminate parental rights if "[t]he child is four years of age or older"; "has been adjudicated a child in need of assistance"; has been out of the parent's custody "for at least twelve of the last eighteen months, or for the last twelve consecutive months"; and "cannot be returned to the custody of the child's parents" at the present time. We conclude there is clear and convincing evidence to affirm the termination under section 232.116(1)(f). *See In re A.P.*, No. 17-1830, 2018 WL 540985, at *3 (Iowa Ct. App. Jan. 24, 2018) (finding incarceration at the time of the termination hearing

satisfies the requirements of section 232.116(1)(f)); *In re D.S.*, No. 16-1149, 2016 WL 5408175, at *1 (Iowa Ct. App. Sept. 28, 2016) (finding sufficient grounds for termination where the father could not care for his child due to his incarceration). Because we conclude the State proved its case on this ground, we need not address the father's challenge to the evidence supporting the other ground. See *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) (stating where "the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record").

B.

The father argues the department of human services did not make reasonable efforts to provide him visitation after his incarceration. The juvenile court made no ruling on the father's claim, and the State asserts the issue is not properly before us. We bypass the preservation issue and proceed to the merits. If the department of human services receives custody of a child, it must "make every reasonable effort to return the child to the child's home." Iowa Code § 232.102(9); *accord In re T.B.*, No. 18-1139, 2018 WL 4361181, at *2 (Iowa Ct. App. Sept. 12, 2018). The father contends he asked to be provided visits but the department of human services did not arrange for visits in a timely manner.

Although a parent's imprisonment does not absolve the department of human services of the duty to attempt reunification, "a parent's imprisonment may create difficulties in providing reunification services." *In re S.J.*, 620 N.W.2d 522, 525 (Iowa Ct. App. 2000). This is precisely what occurred here. After the father's arrest and during his time in the classification center, his visitation was limited by the rules of those institutions. He was allowed to write to and have telephone calls

with his children. He was not allowed in-person visitation while in the classification center. When the father was moved to a facility where in-person visitation was allowed, the department of human services navigated the prison's requirements and prepared the necessary paperwork. A visit was scheduled for March 24, but it had to be cancelled because of weather. The visit was rescheduled and held on April 7. Under the circumstances presented here, we conclude reasonable efforts were made.

C.

The father contends termination of his parental rights was not in the children's best interests because there are other permanency options. This issue was not raised in the termination hearing. *See A.B.*, 815 N.W.2d at 773 ("[T]he general rule that appellate arguments must first be raised in the trial court applies to . . . termination of parental rights cases."). In any event, we are required to make a best-interests determination, for which we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2); *A.B.*, 815 N.W.2d at 776 (citation omitted).

These children have been out of the father's custody since December 2016, and they deserve permanency. We acknowledge the father's attempts to deal with some of his addiction and mental-health issues while in prison. While he has attended support groups, he has not completed any substance-abuse treatment and has not established sobriety outside of a supervised and structured setting. "It is well-settled law that we cannot deprive a child of permanency after the State has

proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *A.B.*, 815 N.W.2d at 777 (citation omitted). The children are residing with their grandparents and two of their siblings, with whom they are bonded. The children are doing well in that placement. We find termination of the father's parental rights and permanency is in the children's best interests.

D.

The father next asserts that his close bond with his children should militate against termination of his parental rights. Iowa Code section 232.116(3)(c) allows the court to decline termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The factors listed in section 232.116(3) are not mandatory but permissive. *In re D.S.*, 806 N.W.2d 458, 474-75 (Iowa Ct. App. 2011). A "court has discretion, based on the unique circumstances of each case and the best interests of the child[ren], whether to apply the factors in this section to save the parent-child relationship[s]." *Id.* at 475.

Here, the parent-child bonds have been affected by the father's absence from the children's lives for almost a year. *See id.* The children are in a stable placement with relatives and their siblings. *See In re L.B.T.*, 318 N.W.2d 200, 202 (Iowa 1982) ("Wherever possible brothers and sisters should be kept together . . . ."); *see also In re L.A.*, No. 14-1145, 2014 WL 6682341, at *3 (Iowa Ct. App. Nov. 26, 2014) (noting that part of the emotional need of a child "may include maintaining close bonds among siblings and half-siblings"). We do not find that the father-child bond militates against termination of the father's parental rights.

E.

The father asks he be granted a six-month extension to seek reunification. At the time of the termination hearing, the juvenile court may defer termination if there exist "specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of [an] additional six-month period." Iowa Code § 232.104(2)(b).

The father acknowledges that while it was "late in the game," he did realize "he needed to make essential changes in his life" several months before the termination hearing. He testified he was attending AA and NA meetings while in prison and had completed a parenting class, "24:7 Dad Program." He stated he was sober and intended to remain so. He testified he intended to seek psychological counseling and medication management upon being released. Even if the father is released from prison during the six-month window of a permissible extension, he has yet to establish a period of sobriety outside a structured setting. We cannot determine the need for removal will no longer exist at the end of a six-month period. The juvenile court did not err in denying the request for an extension.

IV.

We affirm the termination of the father's parental rights pursuant to Iowa Code section 232.116(1)(f).

**AFFIRMED.**